

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| DAVID ATIENZA, CARLOS OBED MEJIA VELASQUEZ, AND MATTHEW BIAGGI | **Superior Court Case No. SP0183-20** |
| Petitioners, | **DECISION AND ORDER RE REQUEST FOR ATTORNEY'S FEES** |
| vs. | |
| DEPARTMENT OF PUBLIC HEALTH AND SOCIAL SERVICES | |
| GOVERNMENT OF GUAM, | |
| Respondents. | |

Following the Court's October 29, 2020 Decision and Order granting relief for quarantined Petitioners David Atienza and Carlos Velasquez and denying relief for Matthew Biaggi, and the February 9, 2021 Decision and Order denying relief for Velasquez and Biaggi in their second quarantine, the Court now addresses the request for attorney's fees made by all petitioners. In summary, the Court DENIES the application for attorney's fees and distinguishes this cases from those in which attorney's fees were granted in an April 29, 2021 Decision and Order re Motion for Reconsideration and Application for Attorney's Fees filed in *Igros v. DPHSS*, SP0127-20.

## I. FACTUAL BACKGROUND

Velasquez and Biaggi arrived together in Guam on October 14, 2020; Atienza arrived a day later. Upon arriving, DPHSS provided Petitioners with written directives to quarantine and then transferred them to a government facility for a fourteen-day quarantine. Dec. and Order

ORIGINAL

(Oct. 29, 2020). On October 16, 2020, Petitioners filed a Verified Petition for a Writ of Habeas Corpus, Alternative Writ of Mandamus and Injunctive Relief.

Petitioners were represented by the Law Office of Jacqueline Taitano Terlaje, P.C. and John Morrison of Public Defender Service Corporation ("PDSC") in their Verified Petition. Notably, on September 24, 2020, prior to the filing of their Petition, the Court announced its appointment of PDSC to represent all incoming passengers intended to be quarantined by the government. SP0138-20 (Minute Entry at 11:07:05 (Sep. 24, 2020)). The next day the Court issued a General Order Appointing PDSC to Represent Persons in Quarantine and Entering Quarantine. *See Igros v. DPHSS*, SP0127-20 (Gen. Order Appointing PDSC (Sep. 25, 2020)).

At the hearing on the Verified Petition, Atienza and Velasquez presented evidence that they both contracted COVID-19 within the previous three months. Based on DPHSS' prior determination that the individuals that contracted COVID-19 within the previous three months do not pose a substantial risk of transmitting COVID-19,[1] the Court ordered DPHSS to transfer Atienza and Velazquez to home quarantine. Dec. and Order (Oct. 29, 2020). In doing so, the Court determined that Atienza and Velasquez did not pose a substantial risk of transmitting COVID-19 to others, pursuant to 19604(b)(5); and that their continued quarantine in a government facility is not reasonably necessary. *Id.*

At the same hearing, the Court denied Petitioner Biaggi's sole claim that the involuntariness of his government facility quarantine is grounds for transfer to home quarantine. *Id.* In doing so, the Court upheld DPHSS' government facility quarantine of Biaggi.

Velasquez and Biaggi left Guam and returned in February 2021. DPHSS again issued written directives and placed them into quarantine. They filed an Amended Verified Petition

---

[1] *See Ikei v. DPHSS*, SP0138-20 (Findings of Fact and Concls. of Law at 5 (Oct. 27, 2020)).

ORIGINAL

under the same counsel. This time, they both produced positive serology test results but did not pinpoint whether their COVID-19 infections occurred within the last ninety days--the period of time in which scientific reports indicated an infected person possessed an insubstantial risk of transmitting COVID-19. The Court denied their transfer to home quarantine due to the lack of proof that they posed an insubstantial risk of transmitting COVID-19 despite having produced positive serology test results. Dec. and Order (Feb. 9, 2021).

## II.   LAW AND DISCUSSION

In the Court's Decision and Order re Motion for Reconsideration and Application for Attorney Fees in SP0127-20 and related quarantine cases, the Court found that the Legislature waived sovereign immunity over the recovery of attorney's fees in instances in which DPHSS has breached the conditions of quarantine. *Igros v. DPHSS*, SP0127-20 (Dec. and Order re Mot. Reconsideration and Appl. Atty. Fees (Apr. 29, 2021)). Central to the Court's decision were sections 19605(c)(2) and 19605(e). Specifically, section 19605(c)(2) enables the Court to award remedies regarding breaches to the conditions of isolation or quarantine and section 19605(e) apportioning the expense of counsel to the government. *Id.* There, the Court found that in instances where DPHSS failed to issue a written directive, those Petitioners were deprived of notice of their rights under Article 6, including the right to an attorney under section 19605(e). *Id.* For those Petitioners the Court found that the breach warranted an award of attorney's fees under section 19605(c)(2). *Id.* Moreover, the Court also found that in cases in which DPHSS did not breach the conditions of quarantine, the Legislature has not waived sovereign immunity. *Id.*

Here, Atienza, Velasquez, and Biaggi's cases are distinguishable from those cases where the Court awarded attorney fees. First, in Biaggi's case, the Court found in favor of DPHSS

ORIGINAL

under both petitions. Accordingly, because Biaggi did not demonstrate a breach to the conditions of quarantine, the Court declines to award any resulting remedies such as attorney's fees or costs. *See Id.*

Second, certain breaches in those cases where the Court awarded attorney's fees preceded the Court's appointment of PDSC. In contrast, by the time the Petitioners filed their Verified Petition, the Court already appointed PDSC to represent all incoming passengers intended to be quarantined by the government. The fact that PDSC signed their present Verified Petition and Amended Verified Petition is evidence that the Petitioners were afforded their rights under section 19605(e). *See* SP0183-20 (Ver. Pet. (Oct. 16, 2020)).

Third, DPHSS's breach to the conditions of quarantine with Attienza and Velasquez is different than in those cases where the Court awarded attorney's fees. In those cases, DPHSS' breached by not issuing a directive. The Court found that the breach resulted in the Petitioners being deprived of notice of their rights under Article 6, including the right to counsel. The Court awarded the remedy of attorney's fees because it was directly related to the rights affected by DPHSS' breach. In contrast, DPHSS issued the Petitioners here a written directive. The Court found that DPHSS breached the conditions of quarantine with Atienza and Velasquez because they did not did not pose a substantial risk of transmitting COVID-19 to others, pursuant to 19604(b)(5), rendering hotel quarantine not reasonably necessary. The Court granted Atienza and Velasquez relief pursuant to section 19605(c), in ordering DPHSS to transfer them to home quarantine. The Court finds that an award of attorney fees would not remedy the breach. Moreover, the Court is satisfied that the remedy of transferring Atienza and Velasquez to home quarantine is the appropriate remedy for the rights affected by DPHSS' breach.

ORIGINAL

## III.   CONCLUSION AND ORDER

The Court finds that Petitioners David Atienza, Carlos Obed Mejia Velasquez, and Matthew Biaggi's applications for attorney fees are distinguishable from those cases where the Court awarded attorney's fees. Specifically, DPHSS did not breach the conditions of quarantine when quarantining Biaggi; the Court appointed PDSC prior to Petitioners filing their Petition; and DPHSS's breach when quarantining Atienza and Velasquez does not warrant an award of attorney fees. For these reasons, the Court DENIES an award of attorney's fees.

SO ORDERED this 21st day of June 2021.

HON. ELYZE M. IRIARTE
Judge, Superior Court of Guam

Appearing Attorneys:
Jacqueline Taitano Terlaje, Esq., and Assistant Public Defender John Morrison, Public Defender Services Corporation, for Petitioners David Atienza, Carlos Obed Mejia Velasquez, and Matthew Biaggi
Assistant Attorneys General Joseph A. Perez, and Janice M. Camacho for Respondents Department of Public Health and Social Services and Government of Guam

ORIGINAL